FRANCESCHI, PLAINTIFF AND APPELLANT, *v.* RODRÍGUEZ, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Ponce in an Action for Reduction of Purchase Price of Properties.

No. 2012.—Decided December 4, 1919.

SALE OF PROPERTY—PURCHASE PRICE—FIXED PRICE—SHORTAGE OF AREA—REDUCTION IN PURCHASE PRICE—CAUSE OF ACTION.—When in a sale of two rural properties of different areas and boundaries, which is not made at the rate of a specified sum for a unit of measure or number, it is stated in the deed that *the purchase price is the agreed sum of $12,500 which will be divided between the two properties according to the valuation already made, to wit: one at $7,750.40 and the other at $4,749.60,* it is necessary to conclude that the sale was made for *distinct prices* and that therefore, it being governed by the first paragraph of section 1374 of the Civil Code, such facts do not give the purchaser a cause of action against the vendor for a reduction from the deferred payment of a sum in proportion to the shortage of the area resulting from a survey.

The facts are stated in the opinion.

*Messrs. Libertad Torres Grau* and *Tomás Torres Pérez* for the appellant.

*Messrs. López de Tord* and *Zayas Pizarro* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal by the plaintiff, Alejandro Franceschi, from a judgment of the District Court of Ponce of February 26, 1919, dismissing the complaint without costs, disbursements or attorney fees on the ground that the facts therein alleged do not constitute a cause of action.

The facts averred in the complaint, which must be taken as true for the purposes of the demurrer interposed by the defendant, are as follows:

By a public deed of January 12, 1917, the defendant, Benigno Rodríguez, sold to the plaintiff, Alejandro Franceschi, two rural properties formed by the consolidation of others, both situated in the ward of Cedro of the municipality of Peñuelas, which we shall designate as properties A and B. Property A was described by boundaries and as having an area of 77.38 acres on which there were two houses of wood and zinc and a small frame house covered with thatch, and property B was likewise described and as having an area of 237.48 acres.

The deed recited that property A was valued at $7,750.40 and property B at $4,749.60, and that the purchase price was the sum of $12,500, divided between the two properties according to the said valuation.

As the sale was not made for cash the vendee, with the consent of his wife, created a first mortgage in favor of the vendor, property A to secure $5,000 of the principal, $450 as interest and $350 for expenses and costs, and property B to secure $2,500 of the principal, $150 as interest and an equal sum for costs and expenses.

A survey of the two properties having been made in order that the purchaser might ascertain the exact area, it

resulted that property A had an area of 73.42 acres, or 3.96 acres less than the area of 77.38 acres called for in the deed, and that property B had an area of 208.34 acres, or 29.14 acres less than the 237.48 acres so called for.

The defendant was notified of the difference in the areas of the properties, but refused to make the proportional reduction in the purchase price as demanded by the plaintiff.

On these facts the plaintiff brought an action against the defendant for judgment against him for the reduction from the last unpaid instalment of the purchase price of the properties of the sum of $1,314.10 as the value of the shortage of 33.10 acres in the area of the two properties.

The defendant demurred to the complaint on the ground that its allegations did not determine a cause of action, and the demurrer having been sustained on February 4, 1919, judgment was entered on the 26th of the same month in the terms hereinbefore indicated.

This case is governed by section 1374 of the Civil Code, which each of the parties construes in a manner favorable to himself. The said section reads as follows:

"Sec. 1374.—In the sale of real estate made for a fixed price and not at the rate of a specified sum for a unit of measure or number, the increase or decrease of the same shall not be considered, even when greater or less area or amount than that stated in the contract may be found.

"The same shall take place when two or more estates should be sold for a single price; but, if besides mentioning the boundaries, which are indispensable in every conveyance of real estate, their area and number should be designated in the contract, the vendor shall be obliged to deliver all that is included within said boundaries, even when they exceed the area or number specified in the contract; and, should he not be able to do it, he shall suffer a reduction in the price, in proportion to what is lacking in the area or number, unless the contract be annulled by reason of the vendee not accepting the failure to deliver what had been stipulated."

The first paragraph of the section transcribed contains a general rule to the effect that when real property is sold for a lump sum and not at the rate of a specified sum for each unit of measurement, no reduction or increase of the purchase price can be claimed although the area be found to be more or less than that stated in the contract. That rule, which is absolute in its terms and admits of no exception, was extended by the second paragraph of that section to a case where two or more properties are sold *for a single price* and to such a case, but not to the case covered by the first paragraph of section 1374, may be applied the exception contained in the last part of the second paragraph to the effect that if in addition to a statement of the boundaries the area of the property should be designated in the contract, the vendor shall be obliged to deliver all that is included within the said boundaries, even should it exceed the area specified in the contract; and, should he not be able to do so, he shall allow a reduction in the purchase price in proportion to what is lacking in the area, unless the contract · should be annulled by the vendor's refusal to accept anything but that which was agreed upon.

Paragraph two of section 1374 makes no provision for a case where two or more properties are sold for *distinct prices,* for it clearly refers to a case where two or more properties are sold for a *single price;* that is, when there is a single sale, a single contract and a single act of the conveyance of a plurality of real properties. Scaevola, vol. 23, p. 511.

The case under consideration does not involve a sale of two rural properties for a single price, but it was a sale for distinct prices. Property A was sold for the sum of $7,750.40 and property B for the sum of $4,749.60, the area and boundaries of each being given. And it does not matter that in the deed of January 12, 1917, it was stated that the purchase

price was the sum of $12,500, for at the same time it was recited that that sum was to be divided between the two properties according to the valuation already made, that is, one at $7,750.40 and the other at $4,749.60, which sums give the said total of $12,500. It was the intention of the parties that each property should have its separate value.

There was a sale of two properties for distinct prices, although only one instrument or title was executed, that is, the deed of January 12, 1917; and in the same manner as if two independent deeds had been executed the sale contracted for in each of them would have been governed by the first paragraph of section 1374, so that same paragraph must apply to the sale of two properties for distinct prices made in only one deed or title. The fact that only one deed was executed for the sale of two properties, which, as we have said, were sold *for distinct prices* and not *for one single price,* can not produce legal effects different from those that would have been produced by the execution of two documents for the sale of the two properties.

In brief, the present case must be governed by the first paragraph of section 1374 of the Civil Code, in accordance with which the claim for a reduction in the purchase price of the properties in proportion to the shortage in the area cannot be sustained. We refrain from considering what might be the effect and scope of the second part of paragraph 2 of the said section if two or more properties were sold for a single price and the boundaries and areas were given.

The judgment must be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.